| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IVAN F. GOODLOW, CDCR #AX-3970, | | Case No.: 3:20-cv-02038-AJB-AGS |
| | Plaintiff, | **ORDER:** |
| vs. | | **(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]; AND (2) DISMISSING CLAIMS AS FRIVOLOUS PURSUANT TO 28 U.S.C.9 § 1915(e)(2) AND § 1915A(b)(1); AND (3) DIRECTING USMS TO EFFECT SERVICE ON REMAINING DEFENDANTS** |
| CAMACHO, Correctional Officer; SIGALA, Correctional Officer; SALAS, Correctional Officer; SERGEANT GONZALEZ, Correctional Sergeant; KELLY, Nurse; MARIN, Correctional Officer; SERGEANT KEENER, Correctional Sergeant; DR. GOYAL, Doctor; HERNANDEZ, Correctional Officer, | | |
| | Defendant. | |

Ivan Goodlow ("Plaintiff"), an inmate currently incarcerated at Kern Valley State Prison ("KVSP"), has filed a civil rights action ("Compl.") pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  Plaintiff claims his constitutional rights were violated when he was previously housed at the Richard J. Donovan Correctional Facility ("RJD") in 2018. *See* Compl. at 1-11.  Plaintiff has also filed a Motion to Proceed In Forma Pauperis ("IFP")

pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

## I.     Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2);

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

*Bruce*, 136 S. Ct. at 629.

In support of his request to proceed IFP, Plaintiff has submitted a copy of his CDCR Inmate Statement Report. *See* ECF No. 2 at 3; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2; *Andrews*, 398 F.3d at 1119. This document shows Plaintiff carried an average monthly balance of $49.27, maintained $23.33 in average monthly deposits to his trust account for the 6-months preceding the filing of this action, and had an available balance of $10.00 to his credit at the time of filing.

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses his initial partial filing fee to be $9.85 pursuant to 28 U.S.C. § 1915(b)(1). The Court further directs the Secretary of the CDCR, or her designee, to collect this initial filing fee *only if* sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the agency having custody of the prisoner and forwarded to the Clerk of the Court pursuant to 28 U.S.C. § 1915(b)(2).

## II. Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir.

2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

B.  Plaintiff's Factual Allegations

On January 26, 2018, Plaintiff was escorted back to his cell by Correctional Officers Camacho and Jackson[2]. (*See* Compl. at 5.) However, before they arrived at Plaintiff's cell, Camacho was "guiding" Plaintiff with "handcuffs compressed to [Plaintiff's] wrist behind [his] back" when Camacho "decided to put [Plaintiff] in the

---

[2] Jackson is not a named Defendant.

shower." (*Id.*)  Before Plaintiff was put in the shower, he told Camacho and Jackson "I'm tired of you racist C/Os." (*Id.*)  "Out of nowhere," Camacho attempted to get "momentum with moving [Plaintiff] around roughly before instantaneously slamming [Plaintiff] on the ground with severe pressure on [his] face." (*Id.*)  Plaintiff claims Camacho "slam[ed] [him] on [his] face using excessive force" and began "punching [him] maliciously in the face." (*Id.*)

Camacho pressed the alarm button and "several officers come in jumping on top of [Plaintiff]" with more force than needed to hold Plaintiff to the ground. (*Id.*)  Correctional Officer Sigala "punched [Plaintiff] in the mouth," put a "spit mask" over Plaintiff's face choking him and causing him to "gag for air." (*Id.*)  Plaintiff claims Sigala told him "fucking noose now!" (*Id.*)

Correctional Officer Marin began "kicking [Plaintiff] violently in [his] left rib twice." (*Id.* at 6.)  There are approximately five correctional officers surrounding Plaintiff when Sergeant Gonzalez "kicks [Plaintiff] in the stomach" before he was lifted to his feet by Sigala and Marin. (*Id.*)  Plaintiff alleges Sigala and Marin walked him out of the building at which time Correctional Officer Salas "punch[ed]" him in his ribs. (*Id.*)

Plaintiff claims that as he was told to face the wall, Registered Nurse Kelly said, "no marks, he's fine" with a "smirk on her face." (*Id.*)  Kelly also noted "no marks" in her paperwork. (*Id.*)

Plaintiff "stayed in a cage for about 3 hours." (*Id.* at 7.)  Plaintiff claims he asked Correctional Officer Hernandez to loosen his handcuffs because his "circulation was being cut off" and his hands were becoming numb. (*Id.*)  However, Plaintiff alleges Hernandez and Correctional Officer Lopez[3] laughed at his request to loosen his handcuffs.  (*See id.*)

---

[3] Lopez is not a named Defendant.

Sergeant Keener told Plaintiff he was being charged with disciplinary violations and placed him in administrative segregation ("ad-seg"). (*See id.*) Keener told Hernandez to "feed him with a tray" but Hernandez told the inmate who was distributing the dinner trays to not give Plaintiff his food. (*Id.*)

On January 29 or 30, 2018, Plaintiff was taken to the "B yard ad-seg office" to speak to Correctional Officer Wilburn and Correctional Officer Rodriguez[4] regarding his administrative grievance Plaintiff submitted pertaining to the excessive force allegations. (*Id.* at 8.) A nurse also came to the office and noted that Plaintiff had "sore ribs" and an "abrasion on [his] lip." (*Id.*) The following week, Sergeant Smith[5] asked Plaintiff about his excessive force claims. (*See id.*) However, Plaintiff "felt a bad, uneasy, sneaky, eerie aura" about Smith. (*Id.* at 9.)

In February of 2018, Plaintiff was examined by Doctor Goyal regarding his "sore left rib." (*Id.* at 10.) Goyal "approved" Plaintiff receiving an x-ray but Plaintiff "specifically asked for an MRI." (*Id.*) Goyal also gave Plaintiff a prescription for Ibuprofen. (*See id.*) Plaintiff had x-rays taken and a week later when he was again examined by Goyal, he asked for the results. (*See id.*) Plaintiff claims Goyal "became evasive" and did not want to "go into full detail." (*Id.*) Plaintiff told Goyal that the Ibuprofen was "not working" to alleviate his pain. (*Id.*)

At the end of February, Plaintiff was transferred to California State Prison – Los Angeles County ("CSP-LAC") which is located in Lancaster, California. (*See id.* at 11.) Plaintiff alleges he was still "in pain" from the alleged excessive force incident. (*Id.*) Plaintiff was seen by Doctor Hernandez regarding his "sore rib" and the numbness he was experiencing in his hand due to the handcuffs. (*Id.*) However, Hernandez would not approve Plaintiff to have an MRI. (*See id.*)

---

[4] Neither Wilburn or Rodriquez are named Defendants.
[5] Smith is not a named Defendant.

On April 25, 2018, Plaintiff was transferred to KVSP.  Plaintiff alleges that he filed an administrative grievance claiming that African American inmates were not getting a proportional number of inmate jobs.  (*See id.*)  Plaintiff claims that as soon as he arrived at KVSP, "they started discriminating on me, because I'm a young looking, articulate, African American."  (*Id.*)  He claims that a majority of the "Mexican White correctional officers always talked to [him] aggressively, with hatred, an evil aura."  (*Id.*)

Plaintiff seeks injunctive relief, $100,000 in compensatory damages, $5,000 in punitive damages and "$30,000 for all the punches and kicks I took." (*Id*. at 18.)

C. <u>Duplicative claims</u>

As an initial matter, Plaintiff acknowledges that he had brought the same action against the same defendants in *Goodlow v. Camacho, et al.,* S.D. Civil Case No. 3:18-cv-0709-CAB-MDD (*"Goodlow I"*).   A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

In *Goodlow I*, Plaintiff's Eighth and Fourteenth Amendment claims against Sergeant Keener were dismissed for failing to state a claim and ultimately without leave to amend.  (*See Goodlow I,* ECF No. 45, Order Adopting Report and Recommendation Granting Defendants' partial Motion to Dismiss; ECF No. 54, Order Denying Motion to Amend Fourteenth Amendment claim and Ordering Case to Proceed.)

In addition, Defendants Camacho, Salas, Sigala and Marin filed a summary judgment motion as to the claims against them on the ground that Plaintiff had failed to properly exhaust his administrative grievances pursuant to 42 U.S.C. § 1997e(a).  (*See Goodlow I*, ECF No. 69.)  Defendants Gonzalez, Kelly, Goyal, and Hernandez were never properly served in *Goodlow I*.  (*See id.* at 2.)  United States District Judge Cathy Ann Bencivengo granted Defendants Camacho, Salas, Sigala and Marin's motion finding that Plaintiff had exhausted these claims *after* he filed his action.  (*See Goodlow I*, ECF No. 30 at 29-30.)  However, Plaintiff was informed that he "may bring these now

exhausted claims in a new and separate civil action so long as he does so within the applicable statute of limitations." (*Id.* at 30.)

Here, the Court finds that Plaintiff may bring this action as to all the named Defendants with the exception of Defendant Keener.  The claims against this Defendant were litigated in the previous action and were dismissed on the merits rather than due to a failure to exhaust.  A prisoner's complaint is considered frivolous if it "merely repeats pending or previously litigated claims." *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citations and internal quotations omitted). Therefore, because Plaintiff already filed an action with identical claims presented in the instant action against the Defendant Keener, the Court must dismiss the duplicative claims brought in this action pursuant to 28 U.S.C. §  1915(e) (2) & 1915A(b). *See Cato*, 70 F.3d at 1105 n.2; *Resnick*, 213 F.3d at 446.

### D. Remaining Defendants

As for the remaining Defendants, the Court finds Plaintiff's Complaint contains "sufficient factual matter, accepted as true," to state First and Eighth Amendment claims for relief that are "plausible on its face," *Iqbal,* 556 U.S. at 678, and therefore, sufficient to survive the "low threshold" set for sua sponte screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Hudson v. McMillian*, 503 U.S. 1, 5, (1992) (unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment); *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (for claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.") (citing *Hudson*, 503 U.S. at 7); *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) ("In order to prevail on an Eighth Amendment claim for inadequate medical care, a plaintiff must show 'deliberate indifference' to his 'serious medical needs.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *id.* ("Deliberate indifference 'may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown

by the way in which prison physicians provide medical care.'") (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988)) *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

Therefore, the Court will direct the U.S. Marshal to effect service of summons Plaintiff's Complaint on his behalf.[6] *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

**III.   Conclusion and Order**

For the reasons explained, the Court:

1.   **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2.   **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $9.85 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS

---

[6] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** all claims against Defendant Keener as frivolous pursuant to action pursuant to 28 U.S.C. § 1915(e) (2) & 1915A(b) and without leave to amend.

5. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each remaining Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, certified copies of his Complaint, and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service* pursuant to S.D. Cal. CivLR 4.1c., and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP Package.

6. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

7. **ORDERS** Defendants, once they have been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility  under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the Defendants are required to respond).

///

8. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated:  October 30, 2020

Hon. Anthony J. Battaglia
United States District Judge