UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Ivan F. GOODLOW,<br><br>                                      Plaintiff,<br>v.<br><br>CAMACHO, et al.,<br><br>                                 Defendants. | Case No.: 20-cv-2038-AJB-AGS<br><br>**ORDER GRANTING PLAINTIFF LEAVE TO DEPOSE INMATE WITNESS AND DENYING PLAINTIFF'S REQUEST FOR SUBPOENAS (ECF 55)** |
|---|---|

Plaintiff Goodlow moves for a court order that nonparty prisoner Kevin Porter "be deposed by a written deposition, [] give a written statement, and be a witness." (ECF 55, at 1.)

## **DISCUSSION**

Goodlow's precise request is unclear. To the extent Goodlow seeks *leave to depose* Porter, the court grants the request. *See* Fed. R. Civ. P. 31(a)(2)(B) ("A party must obtain leave of court [to depose by written questions] . . . if the deponent is confined in prison."). But Goodlow doesn't "comply with Rule 31, which require[s] Plaintiff to designate a deposition officer and notify the deponent of the agreed-upon time, place and manner of deposition." *See Jackson v. Woodford*, No. CIV 05CV0513-L NLS, 2007 WL 2580566, at *1 (S.D. Cal. Aug. 17, 2007). He also "fail[s] to show that he could pay the costs associated with written depositions, including fees for a deposition officer and court reporter, [and] the costs of transcribing the deposition." *See Owens v. Degazio*, No. 216CV2750JAMKJNP, 2019 WL 3253934, at *2 (E.D. Cal. July 19, 2019). And "plaintiff's indigent status does not entitle him to a waiver of fees." *Id.* So, if Goodlow is asking the Court *to issue a subpoena* for a written deposition, that request is denied.

Plaintiff also seeks a "written statement" from Porter, which the Court interprets as an affidavit. (*See* ECF 55, at 1.) The Court also denies this request. "[W]hile a subpoena may command a person to produce existing documents in that person's possession, it may not command a person to create a new document." *Medlock v. S. Pac. Fin. Corp.*,

1

No. CV 11-5313-GW (SPX), 2012 WL 13008719, at *2 (C.D. Cal. Apr. 23, 2012). "An unexecuted and likely undrafted declaration of a non-party is not an existing document in anybody's possession, custody or control. Therefore, a request to subpoena a non-party to produce an affidavit, such as plaintiff is requesting here, is beyond the scope of Rule 45." *See Jackson v. Paramo*, No. 17CV882-CAB (BLM), 2018 WL 4537746, at *2 (S.D. Cal. Sept. 21, 2018) (citation omitted).

Finally, Goodlow requests that Porter "be a witness on what he saw happen to plaintiff." (ECF 55, at 2.) The Court interprets this as a writ of habeas corpus ad testificandum. *See Jones v. McGuire*, No. 2:08-CV-2607 MCE CKD, 2013 WL 1896308, at *1 (E.D. Cal. May 6, 2013) ("[T]he proper procedure for a pro se incarcerated plaintiff [to secure the attendance of inmate witnesses] is to seek a writ of habeas corpus ad testificandum."). But Goodlow's request is premature. "There is no hearing presently before the Court and no trial date has been set." *See Merch. v. Lopez*, No. 09-856 WQH NLS, 2010 WL 3731108, at *1 (S.D. Cal. Sept. 8, 2010). Therefore, the Court denies as moot Goodlow's motion for issuance of a writ of habeas corpus ad testificandum. *See id.*

## CONCLUSION

For the reasons above, the Court enters the following orders:

1. The Court **GRANTS** Goodlow's motion for leave to depose inmate Porter.
2. The Court **DENIES** the request for a subpoena to depose Porter by written deposition.
3. The Court **DENIES** Goodlow's request to subpoena Porter to produce an affidavit.
4. The Court **DENIES AS MOOT** Goodlow's motion for a writ of habeas corpus ad testificandum.

Dated:  August 10, 2021

_____
Hon. Andrew G. Schopler
United States Magistrate Judge