UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ivan F. GOODLOW,<br><br>                              Plaintiff,<br><br>v.<br><br>CAMACHO, et al.,<br><br>                              Defendants. | Case No.:  20-cv-2038-AJB-AGS<br><br>**ORDER DENYING MOTION TO COMPEL AND MOTION FOR SANCTIONS (ECF 58)** |

Plaintiff Goodlow moves the Court "to compel the litigation coordinator at Kern Valley State Prison to produce log number # RJD-18-00459 audio or video [of] excessive force" and mail it to the court. (ECF 58, at 1-2.) Defendants claim that "no audio or video recordings exist" of the "use-of-force incident." (ECF 59-1, at 11.) Goodlow also moves the Court to "sanction" defense counsel for "distort[ing] what plaintiff was asking to be sent to [the Court] and mak[ing] plaintiff seem incoherent[]." (ECF 58, at 1-2.)

**A.    Motion to Compel Kern Litigation Coordinator to Mail Video**

The Federal Rules of Civil Procedure do not provide a mechanism for parties to demand that discovery evidence be mailed to the Court. As such, the Court denies Goodlow's request compelling the Kern Valley litigation coordinator to mail the Court the "excessive force" video. Instead, the Court construes the motion as a request that defendants produce the video to Goodlow himself.

If "a party fails to produce documents," the "party seeking discovery may move for an order compelling . . . production." Fed. R. Civ. P. 37(a)(3)(B). But a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see also* CivLR 26.1 ("The Court will entertain no motion pursuant to Rules 26 through 37, Fed. R. Civ. P., unless counsel will have previously met and conferred concerning all disputed issues.").

1

1 | Goodlow fails to certify that he made a good-faith attempt to meet and confer about his request. (*See* ECF 58.) Defendants affirm that Goodlow made no such attempt. (ECF 59, at 3.) Also, the Court cannot compel the disclosure of an item that does not exist.[1] *See Certified Nutraceuticals, Inc. v. Clorox Co.*, No. 3:18-CV-00744-W-KSC, 2020 WL 4339489, at *5 (S.D. Cal. July 28, 2020) ("It is well-established that the Court cannot compel production of that which does not exist or is not in the possession and control of defendants." (citation and quotation marks omitted)). So, the Court denies Goodlow's motion to compel production of the "excessive force" video.

"If the motion [to compel] is denied," the court must "require the movant . . . to pay the party . . . who opposed the motion its reasonable expenses." Fed. R. Civ. P. 37(a)(5)(B). However, "the court must not order this payment if . . . other circumstances make an award of expenses unjust." *Id.* Goodlow's indigent and incarcerated status "make an award of expenses unjust." (*See* ECF 58, at 1); Fed. R. Civ. P. 37(a)(5)(B). The Court thus declines to impose reasonable expenses on Goodlow.

**B.     Motion for Sanctions on Deputy Attorney General Anthony Padua**

The Court rejects defendants' contention that Goodlow violated Rule 11(b)'s "safe harbor" provision. (ECF 59, at 2); *see* Fed. R. Civ. P. 11(d) ("[Rule 11] does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37."). Even so, defense counsel's alleged actions—"distort[ing] what plaintiff was asking to be sent to [the Court] and mak[ing] plaintiff seem incoherent[]"—do not fall within any of the rule categories that authorize sanctions. (ECF 58, at 1); *see* Fed. R. Civ. P. 37(b)-(f). Thus, the Court denies Goodlow's motion for sanctions.

---

[1] If defendants' claim that the video doesn't exist turns out to be false, then plaintiff may pursue sanctions. *See* Fed. R. Civ. P. 37(d)(1)(A)(ii).

2

## CONCLUSION

Thus, the Court enters the following orders:

1. Goodlow's motion to compel the Kern Valley litigation coordinator to mail the log number # RJD-18-00459 audio or video to the Court is **DENIED**.

2. Goodlow's motion for sanctions against Deputy Attorney General Anthony Padua is **DENIED**.

Dated: September 14, 2021

Hon. Andrew G. Schopler
United States Magistrate Judge

3