UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Ivan GOODLOW, | Case No.: 3:20-cv-2038-AJB-AGS |
|---|---|
| Plaintiff, | **REPORT AND RECOMMENDATION ON DEFENDANTS' SUMMARY-JUDGMENT MOTION (ECF 23)** |
| v. | |
| F. CAMACHO, et al., | |
| Defendants. | |

In this civil-rights case, four defendants move for summary judgment on the ground that plaintiff failed to exhaust administrative remedies.

## **BACKGROUND**

Plaintiff Ivan Goodlow, a state inmate, alleges that prison guards used unconstitutional and excessive force on him. (ECF 1, at 5-6.) As relevant here, he charges that five correctional officers abused him: defendants Camacho and Salas punched him; Marin and Gonzalez kicked him; and Sigala punched him and said, "[F]ucking noose now," while putting a spit-mask on him. (*See id.*)

Goodlow raised at least some of these issues in a prison grievance. Although the administrative review process cleared the officers, the final reviewer refused to address certain issues that he ruled Goodlow belatedly added to his case. In Goodlow's initial prison complaint form,[1] he named Camacho but not the other four guards mentioned above. (*See* ECF 23-6, at 5-7.) Because his complaint implicated prison staff, Goodlow's grievance bypassed the first level of review. (ECF 23-5, at 4.) At the second level, Goodlow was interviewed, and defendant Sigala and another officer were questioned as alleged suspects. (ECF 23-4, at 11.) The second-level review found no misconduct. (*Id.*)

---

[1] Goodlow ultimately filed four prison complaint forms regarding the incident, but only one appeal, log No. RJD-C-18-0459, is relevant to the issue of exhaustion. (*See* ECF 23-5, at 4-6; ECF 23-7, at 4.)

1

At the third and final level of review, Goodlow alleged that he told the second-level interviewer that "Sigala, Marin, Salas, and Sgt Gonzalez assaulted [him]." (ECF 23-4, at 7.) The appeals examiner again found no staff misconduct. (*Id.* at 13.) The examiner also noted that "[t]he appellant has added new issues and requests to [the] appeal," which the examiner declined to address. (*Id.*)

## DISCUSSION[2]

Because Goodlow did not name four of the defendants in his initial prison complaint, those defendants claim that Goodlow failed to exhaust his administrative remedies as to them. (*See* ECF 23, at 13-14.) Prisoners must exhaust administrative remedies before filing a civil-rights suit. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524 (2002). Once a defendant demonstrates such non-exhaustion, the prisoner may come forward with evidence that those administrative remedies were "effectively unavailable." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). But "the ultimate burden of proof remains with the defendant." *Id.* Defendants are entitled to summary judgment on this issue if they show that "there is no genuine dispute as to any material fact and that [they are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

**A.    Were Available Administrative Remedies Exhausted?**

When alleging failure to exhaust, a defendant must prove that: (1) "there was an available administrative remedy;" and (2) "the prisoner did not exhaust that available remedy." *Albino*, 747 F.3d at 1172. No one disputes that there was an available remedy. Goodlow used that remedy often, filing many prison appeals (*see* ECF 23-4, at 3, 6-9, 15-

---

[2] Because plaintiff is representing himself, the Court will "treat him with great leniency," *see Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986), and **DENY** defendants' motion to strike plaintiff's sur-reply (ECF 45). *See also United States v. Venture One Mortg. Corp.*, No. 13-cv-1872, 2015 WL 12532139, at *2 (S.D. Cal. Feb. 26, 2015) ("[D]istrict courts have the discretion to either permit or preclude the filing of a surreply."). But the Court's leniency only goes so far. Goodlow is advised to follow the Local Rules going forward. Future unapproved sur-replies will likely be stricken.

17, 25-28), and successfully exhausting his appeals against defendants Camacho and Dr. Corleone (incorrectly sued as Dr. Goyal). (*See id.* at 6-13; ECF 10, at 2.)

To merit summary judgment, however, defendants must prove that Goodlow failed to exhaust this available prison remedy. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the [Prison Litigation Reform Act], that define . . . proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Under the relevant prison regulations, complaining inmates must list in their initial grievance "all staff member(s) involved and shall describe their involvement in the issue," including "the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal." Cal. Code Regs. tit. 15, § 3084.2(a)(3) (2018).[3] If this information is unknown, the inmate must "provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." *Id.* The regulations explicitly state that "[a]dministrative remedies shall not be considered exhausted" as to any "issue, information, or person later named by [an inmate] that was not included in the originally submitted [Grievance] Form . . . ." *Id.* at § 3084.1(b).

In his initial grievance, Goodlow did not identify defendants Gonzalez, Salas, Marin, or Sigala by name. (*See* ECF 23-4, at 6-8.) But Goodlow argues that his prison complaint offered enough information for the appeals coordinator to identify the offending officers or that he otherwise met the exhaustion requirement. The Court addresses each of his arguments in turn.

### 1. *Identifying Defendants Later in Proceedings*

Goodlow maintains that he adequately identified the four missing defendants during his videorecorded second-level appeal interview. (*See* ECF 23-4, at 7; ECF 24, at 8; *but see*

---

[3] After plaintiff's prison grievance appeals concluded, this regulation was later amended and renumbered. *See* Cal. Code Regs. tit. 15, § 3480 *et seq.* (2022).

ECF 24, at 7 (Goodlow asserting that he only "mentioned 2 of them [missing defendants] in a recording of [the ]excessive force[ interview]").) If true, this might excuse Goodlow's procedural defect if the prison then ignored the procedural bar and addressed Goodlow's defaulted claims on the merits. That is, an inmate will be deemed to have exhausted available administrative remedies—"despite failing to comply with a procedural rule"—"if prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process." *Reyes v. Smith*, 810 F.3d 654, 658 (9th Cir. 2016).

The *Reyes* exception applies to Goodlow's claims against defendant Sigala. Although Goodlow failed to name Sigala in his written grievance, prison officials ignored this procedural bar and questioned Sigala as an "alleged suspect" at their first opportunity to interview witnesses in the grievance process. (*See* ECF 23-4, at 11.) Viewing the evidence "in the light most favorable to the prisoner," as the Court must, the grievance reviewers rendered a decision on the merits of Goodlow's claims against Sigala at every available level. *See Albino*, 747 F.3d at 1166. After bypassing the first level, Goodlow's second-level inquiry included "an evaluation of any interview conducted," including Sigala's interview. (*See* ECF 23-4, at 12.) At the third level, Sigala's interview was reviewed again. (*See id.* (third-level examiner "reviewed the confidential [second-level] inquiry").) Each time the reviewers found no staff misconduct. (*See id.* at 11 (second-level examiner finding staff "*did not* violate [prison] policy"); *id.* at 12 ("[Third-level] [e]xaminer concurs with the [Second Level of Review] determination.").) Thus, Sigala has not proven that Goodlow failed to exhaust administrative remedies, and Sigala's summary-judgment motion should be denied.

But *Reyes* cannot save Goodlow's claims against the other unnamed defendants—Gonzalez, Salas, and Marin. Even assuming Goodlow adequately identified them at his second-level interview, the prison never waived the procedural bar and never reached the merits of the claims against them. *Reyes*'s reasoning does not apply when a prison "invoke[s], rather than waive[s], a procedural bar to reaching the merits." *Wilson v.*

*Zubiate*, 718 F. App'x 479, 481 (9th Cir. 2017). In fact, after Goodlow first named these defendants in writing in his third-level appeal, the examiner responded, "The appellant has added new issues and requests to his appeal. The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action . . . ." (ECF 23-4, at 7, 13.) Because "the third level appeal decision clearly did not reach the merits" of Goodlow's claims against these three defendants, *Reyes* does not apply to those claims. *See Smith v. Daguio*, No. 18-06378 BLF (PR), 2020 WL 7773609, at *7 (N.D. Cal. Dec. 30, 2020).

### 2. *General Reference to "Correctional Officers Who Arrived in Unit 15"*

Goodlow also contends that he identified all defendants from the outset by his "very clear" reference to the "correctional officer[]s who arrived in Unit 15 on Jan 26, 2018." (ECF 24, at 3.) Not so. The subject of his appeal is "Excessive Force by C/O's," and the rest of the form recites allegations against specific correctional officers, not a group or unit. (*See generally* ECF 23-6, at 5-7.) In other words, "the grievance provides no indication of the involvement of any [defendant] other than [those] explicitly named." *See Ramirez v. Johnson*, No. 217CV07788DSFKES, 2019 WL 4198644, at *13 (C.D. Cal. June 19, 2019), *adopted*, 2019 WL 6486034 (C.D. Cal. Sept. 24, 2019). "An unadorned reference to 'correctional officers' simply does not provide the same type of indirect identification contemplated by *Reyes*." *Candler v. Prather*, No. 2:17-cv-23-JAM-EFB P, 2019 WL 3759485, at *4 (E.D. Cal. Aug. 8, 2019).

### 3. *Prior Civil Suit*

Next Goodlow argues that he meets the exhaustion requirements because he identified these defendants in a prior civil suit stemming from the same incident. (ECF 24, at 3 (citing *Goodlow v. Camacho* (*Goodlow I*), No. 3:18-CV-0709-CAB-MDD, 2020 WL 5709255 (S.D. Cal. Sept. 24, 2020)).) But naming defendants in that suit does not satisfy the requirement that—in his initial prison grievance—he "list all staff member(s) involved" or provide "any other available information" to identify those officers. *See* Cal. Code Regs. tit. 15, § 3084.2(a)(3) (2018). Prison officials must have "an opportunity to resolve disputes

5

concerning the exercise of their responsibilities before being haled into court." *Jones*, 549 U.S. at 204. Naming the defendants in a lawsuit instead of in the administrative review undermines the purpose of internal review.

In addition, Goodlow relies heavily on the Court's statement in the prior lawsuit that Goodlow was "ultimately able to exhaust his administrative remedies in accordance with CDCR regulations." *Goodlow I*, 2020 WL 5709255, at *9. This Court agrees with that general statement. For example, Goodlow exhausted his remedies regarding his claims against Camacho and Sigala. But the statement does not bear the weight Goodlow gives it. The *Goodlow I* Court was not ruling that Goodlow exhausted every single claim against every defendant. That issue was not before that Court. So the prior lawsuit offers no guidance to this Court on the issue of exhaustion as to specific defendants.

### 4. *Sergeant Gonzalez*

Finally, Goodlow argues that his written statement "I scream at the Lady Sgt." in his initial grievance sufficiently identified defendant Gonzalez because she was the only "lady Sgt. who showed up." (ECF 24, at 2; *see* ECF 23-6, at 7.) But the mere mention of a "Lady Sgt." did not alert prison officials to any claims against Gonzalez, much less the later allegation that she "kick[ed] [Goodlow] in the stomach." (*See* ECF 1, at 6; ECF 23-6, at 7.) Goodlow had to identify all suspects at the outset of the grievance process and "describe their involvement in the issue." *See* Cal. Code Regs. tit. 15, § 3084.2(a)(3) (2018). Simply writing that Goodlow "scream[ed] at" Gonzalez did not give the prison notice that she should have been investigated as a suspect for kicking him. *See Lee v. Fuga*, No. 3:19-CV-125-AJB-MDD, 2019 WL 4060359, at *4 (S.D. Cal. Aug. 28, 2019) ("Although CDCR was aware that [d]efendant . . . was present at the incident, nothing in [p]laintiff's grievances suggests that he had any complaint as to her role."), *adopted*, 2020 WL 553856 (S.D. Cal. Feb. 3, 2020).

### B. Were the Prison Remedies "Effectively Unavailable"?

Three defendants—Gonzalez, Salas, and Marin—have carried their burden of demonstrating a failure to exhaust, so "the burden shifts to the prisoner to come forward

with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. Goodlow offered no such evidence. To the contrary, he successfully exhausted his administrative remedies against defendants Camacho and Sigala, which suggests that those remedial procedures were available for all grievances. Goodlow does not contend that he was in any way barred from bringing grievances against the other defendants. *Cf. Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 793-94 (9th Cir. 2018) (holding that administrative remedies were unavailable to inmates who showed "an actual and objectively reasonable fear of retaliation for filing grievances"); *Andres v. Marshall*, 867 F.3d 1076, 1077-78 (9th Cir. 2017) (finding a prison's six-month failure to respond to a grievance rendered the inmate's administrative remedies "effectively unavailable by defendants' actions"). Because Goodlow "failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable," defendants Gonzalez, Salas, and Marin should be granted summary judgment for non-exhaustion. *See Franklin v. Martinez*, 846 F. App'x 555 (9th Cir. 2021).

## CONCLUSION

The Court recommends that the following orders be entered on defendants' summary-judgment motion:

1. Summary judgment is **GRANTED** on all claims against defendants Gonzalez, Salas, and Marin; and

2. Summary judgment is **DENIED** on all claims against defendant Sigala.

Within 14 days of service of this report, the parties must file any objections to it. *See* 28 U.S.C. § 636(b)(1). A party receiving such an objection has 14 days to file any response. Fed. R. Civ. P. 72(b)(2).

Dated:  February 3, 2022

Hon. Andrew G. Schopler
United States Magistrate Judge