UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN F. GOODLOW,<br><br>    Plaintiff,<br><br>v.<br><br>CAMACHO, et al.,<br><br>    Defendants. | Case No.: 20-cv-02038-AJB-AGS<br><br>**ORDER:**<br><br>**(1) ADOPTING THE REPORT AND RECOMMENDATION;**<br><br>**(2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT; AND**<br><br>**(3) DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANTS GONZALEZ, SALAS, AND MARIN WITHOUT PREJUDICE**<br><br>**(Doc. Nos. 23, 79)** |

Presently before the Court is Defendants Gonzalez, Salas, Marin, and Sigala's ("Defendants") motion for partial summary judgment. (Doc. No. 23.) The Court referred the matter to Magistrate Judge Andrew G. Schopler for a Report and Recommendation ("R&R"), which was issued on February 3, 2022. (Doc. No. 79.) The R&R recommends granting in part and denying in part Defendants' motion for partial summary judgment. (*Id.*

at 7.) The parties were instructed to file written objections with the Court on or before February 18, 2022, and a reply to the objections no later than March 3, 2022. (*Id.*)

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's R&R. The district judge must "make a de novo determination of those portions of the report . . . to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of objection(s), the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Neither party has filed an objection to Magistrate Judge Schopler's R&R. Thus, having reviewed the R&R, the Court finds it thorough, well-reasoned, and contains no clear error. Accordingly, the Court hereby: (1) **ADOPTS** Magistrate Judge Schopler's R&R in its entirety; and (2) **GRANTS IN PART AND DENIES IN PART** Defendants' motion for partial summary judgment. Specifically, the Court **GRANTS** summary judgment on all claims against Defendants Gonzalez, Salas, and Marin based on Plaintiff's failure to exhaust his administrative remedies prior to filing suit, pursuant to 42 U.S.C. § 1997e(a). Defendants Gonzalez, Salas, and Marin are therefore **DISMISSED WITHOUT PREJUDICE**. *See Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005) (noting a judgment on the basis of failure to exhaust administrative remedies should be without prejudice). The Court further **DENIES** summary judgment on all claims against Defendant Sigala.

**IT IS SO ORDERED.**

Dated: March 1, 2022

Hon. Anthony J. Battaglia
United States District Judge